1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11 JAMES A. MOSIER,                              1:11-cv-01034 MJS (PC)

12           Plaintiff,

13      vs.                                      ORDER DENYING MOTION FOR
                                                 APPOINTMENT OF COUNSEL
14 CALIFORNIA DEPARTMENT OF
   CORRECTIONS & REHABILITATION,                 (ECF No. 3)
15 et al.,

16           Defendants.

17 _____/

18      On June 21, 2011, Plaintiff James A. Mosier ("Plaintiff") filed a motion seeking the

19 appointment of counsel.  (Mot., ECF No. 3.)

20      Plaintiff does not have a constitutional right to appointed counsel in this action, Rand

21 v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney

22 to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District

23 Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).

24 In certain exceptional circumstances the Court may request the voluntary assistance of

25 counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  However, without a

26 reasonable method of securing and compensating counsel, the Court will seek volunteer

27 counsel only in the most serious and exceptional cases.  In determining whether

28 "exceptional circumstances exist, the district court must evaluate both the likelihood of

1  success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light

2  of the complexity of the legal issues involved." Id. (internal quotation marks and citations

3  omitted).

4        In the present case, the Court does not find the required exceptional circumstances.

5  Even if it is assumed that Plaintiff is not well versed in the law and that he has made

6  serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

7  This Court is faced with similar cases almost daily.   Further, at this early stage in the

8  proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on

9  the merits, and based on a review of the record in this case, the Court does not find that

10  Plaintiff cannot adequately articulate his claims.  Id.

11        Accordingly, Plaintiff's motion for the appointment of counsel is DENIED without

12  prejudice.

13

14

15  IT IS SO ORDERED.

16  Dated:    June 29, 2011            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28