UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. MOSIER,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:11-CV-01034-MJS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND<br><br>(ECF No. 11) |

### I. PROCEDURAL HISTORY

On June 21, 2011, Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

On November 30, 2011, Plaintiff, acting through his designated counsel filed a First Amended Complaint (ECF No. 10) along with the instant Motion (ECF No. 11) seeking leave of the Court to file the First Amended Complaint.

### II. APPLICABLE LAW

In the case of a motion for an amended pleading, under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading or motion is served. Otherwise, a party

may amend only by leave of the court, or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed.R.Civ.P. 15(a).

"Rule 15(a) is liberal and leave to amend shall be given when justice so requires. Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed.R.Civ.P. 15(a)). "In determining whether to grant leave to amend, the court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Bolbol v. City of Daly City, 754 F.Supp.2d 1095, 1119 (N.D.Cal., November 17, 2010) (citing Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004)).

Amended pleadings must be complete within themselves without reference to another pleading. Partial amendments are not permissible.  Local Rule 220.

### III. ANALYSIS

Plaintiff may file a First Amended Complaint as a matter of right and without leave of the Court. Fed.R.Civ.P. 15(a); (see Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2nd Cir. 1991)) ("[p]arty may amend its pleading once as a matter of right before responsive pleading has been served, and otherwise by leave of court, and 'such leave should be freely given when justice so requires.'").

The Complaint has not been screened and no responsive pleading or motion has been filed in this matter. Plaintiff is not required to seek leave of the Court in order to file its First Amended Complaint.

Nonetheless, the Court has no basis upon which to deny Plaintiff's Motion to Amend. "[The] [c]ourt may exercise its sound discretion when granting leave to amend a complaint." Brown v. Rumsfeld, 211 F.R.D. 601, 605 (N.D.Cal., November 21, 2002); (see Duda v. Board of Educ. Of Franklin Park Public School Dist. No. 84, 133 F.3d 1054, 1057 (7th Cir. 1998)) (the court may not deny plaintiff's request for leave to amend where no pleading in response to plaintiff's complaint has been filed).

///////

### III. ORDER

Accordingly, for the foregoing reasons, it is ORDERED that Plaintiff's Motion to Amend (Doc. 11.) is GRANTED.

IT IS SO ORDERED.

Dated: February 8, 2012         /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE