1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. MOSIER,<br><br>        Plaintiff,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, et al.,<br><br>        Defendant. | Case No. 1:11-cv-01034-MJS (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 16)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff James A. Mosier is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed June 21, 2011 pursuant to 42 U.S.C. § 1983. The second amended complaint was dismissed for failure to state a claim, but Plaintiff was given leave to file an amended pleading provided he do so by not later than August 29, 2013. (ECF No. 16.)

The August 29, 2013 deadline passed without Plaintiff either filing an amended pleading or seeking a further extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose

1   sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing

2   Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice,

3   based on a party's failure to prosecute, failure to obey a court order, or failure to comply

4   with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal

5   for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.

6   1992) (dismissal for failure to comply with an order requiring amendment of a complaint);

7   Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with

8   local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S.

9   Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a

10  court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack

11  of prosecution and failure to comply with local rules).

12        In determining whether to dismiss an action for lack of prosecution, failure to obey a

13  court order, or failure to comply with local rules, the Court must consider several factors: (1)

14  the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

15  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition

16  of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782

17  F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at

18  1260-61; Ghazali, 46 F.3d at 53.

19        In the instant case, the public's interest in expeditiously resolving this litigation and

20  the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk

21  of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury

22  arises from the occurrence of unreasonable delay in prosecuting this action which arose

23  over two years ago. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth

24  factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed

25  by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser

26  sanctions, at this stage in the proceedings there is little available which would constitute a

27  satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid

28  the filing fee for this action and is likely unable to pay, making monetary sanctions of little

2

1   use.

2        Plaintiff has not responded to the Court's order (ECF No. 16).

3        Accordingly, it is HEREBY ORDERED THAT:

4        1.      Within fourteen (14) days of service of this order, Plaintiff shall either show

5   cause as to why this action should not be dismissed with prejudice for failure to comply with

6   the Court's order (ECF No. 16), or file an amended complaint; and

7        2.      If Plaintiff fails to show cause or file an amended complaint, this action will be

8   dismissed, with prejudice, subject to the "three strikes" provision set forth in 28 U.S.C. §

9   1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

10

11

12

13

14

15  IT IS SO ORDERED.

16      Dated:   __September 9, 2013__        __/s/ Michael J. Seng__

17                                          UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28